IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SERGIO MORENO AND RYAN MOSEL, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> *Plaintiffs,* <br><br> V. <br><br> TASKUS USA, LLC, <br><br> *Defendant.* | Civ. No. 5:19-cv-504 <br><br> JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiffs Sergio Moreno ("Moreno") and Ryan Mosel ("Mosel"), on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), file this Original Complaint against TaskUs USA, LLC ("TaskUs"), and in support thereof, state as follows:

### I.   PRELIMINARY STATEMENT

1. This lawsuit seeks damages against TaskUs for violations of the Fair Labor Standards Act ("FLSA"), as amended (29 U.S.C. § 201- *et. seq*.). Specifically, Plaintiffs allege that TaskUs violated the FLSA by failing to pay Team Leads minimum wage for all hours worked, and by failing to pay Team Leads time-and-one-half of their regular rate for all hours worked over forty in a workweek. When Mosel notified TaskUs that it was violating the FLSA, TaskUs retaliated against him by terminating his employment. Plaintiffs seek to recover unpaid wages, unpaid overtime wages, statutory liquidated damages, attorneys' fees, and costs. Moreover, Plaintiffs seek to certify this matter as a collective action under the FLSA.

1

## II.    PARTIES

2. Plaintiff Sergio Moreno is an individual residing in Bexar County, Texas. Moreno is a former Team Lead for TaskUs.

3. Plaintiff Ryan M. Mosel is an individual residing in Bexar County, Texas. Mosel is a former Team Lead for TaskUs.

4. Defendant TaskUs USA, LLC is a limited liability company organized under the laws of Delaware and may be served through its registered agent for service of process, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136 USA.

## III.    JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated."

6. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## V.    FACTUAL ALLEGATIONS

7. At all times hereinafter mentioned, TaskUs has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that TaskUs has been, through operation or common control, engaged in the performance of related activities for a common business purpose.

8. At all times hereinafter mentioned, TaskUs has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A)

of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000. In addition, at all times hereinafter mentioned, Plaintiffs were engaged in commerce as required by 29 U.S.C. §§ 206-207.

9. According to its website, TaskUs is an international outsourcing organization that employs thousands of employees around the globe. TaskUs has offices in San Antonio, Texas; New Braunfels, Texas; Dallas, Texas; New York; Mexico; Philippines; and Taiwan.

10. Moreno worked for TaskUs as a Team Lead from approximately August 31, 2018 to March 2019.

11. Mosel worked for TaskUs as a Team Lead from August 31, 2018 to April 3, 2019.

12. As Team Leads, Moreno's and Mosel's duties included managing direct reports, and reporting bottlenecks and improvements to clients.

13. As Team Leads, Moreno's and Mosel's regular rate of pay was $17.00 an hour.

14. TaskUs classified Team Leads like Moreno and Mosel as not exempt from the FLSA and determined that they were eligible for overtime when they worked more than forty hours in a workweek.

15. As a Team Lead, Moreno was scheduled to work from 1 p.m. to 10 p.m., Tuesday through Saturday.

16. As a Team Lead, Mosel was scheduled to work from 10:00 a.m. to 7:00 p.m., Tuesday through Saturday.

17. Moreno and Mosel regularly worked hours before and after their scheduled shifts. For example, Mosel regularly worked beyond 7:00 p.m. and regularly came in on his days off (Sundays and Mondays).

18. TaskUs knew or should have known that Team Leads like Moreno and Mosel were working hours outside of their regular shifts.

19. TaskUs did not permit Team Leads like Moreno and Mosel to record all the hours that they worked. Moreover, TaskUs frequently removed hours from Moreno and Mosel's time sheet when they recorded more than forty hours in a week. On one occasion, Mosel asked his supervisor, Operations Manager Hiilani Ellis, why his paycheck did not reflect all the hours he had recorded. Ms. Ellis told Mosel that the budget did not allow her to pay him for all the time he worked. Ms. Ellis also told Moreno that she would remove overtime hours if he included too many on his timesheet.

20. In addition, TaskUs has a uniform policy and procedure of requiring Team Leads to clock out one hour per day for meal breaks, even though these employees routinely work through their "breaks." TaskUs knew or should have known that Team Leads like Moreno and Mosel regularly work through their meal breaks.

21. As a result of TaskUs's policies and practices described above, Team Leads like Moreno and Mosel are not paid minimum wage for all hours they work, and are not paid time-and-one-half of their regular rate for all hours worked over forty in a workweek. These acts violate the FLSA, which prohibits the denial of payment of minimum wage for all hours worked and prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek. TaskUs willfully violated Plaintiffs' right to minimum wage and overtime compensation guaranteed under the FLSA.

22. Additionally, TaskUs fails to make, keep, and preserve accurate records with respect to Plaintiffs and all others similarly situated, including hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), 516.28, and supporting federal regulations.

23. On March 11, 2019, Mosel verbally informed and sent an email to Human Resource Employees Tracy Casias, Divya Parmer, and Alicia Walker, and to his supervisor Ms. Ellis, stating that he was not being permitted to record all the hours he was working. Ms. Casias responded by informing Mosel that going forward he should record all hours that he works. Mosel followed Ms. Casias's instruction and on his next timesheet (for the period of March 18, 2019 through March 31, 2019) he recorded his actual hours worked, which amounted to 126.53 hours. A few days later, TaskUs retaliated against Mosel by terminating his employment for pretextual reasons. TaskUs claims that it terminated Mosel because he violated company policy by having a beer during a meal break. However, TaskUs employees and managers regularly drink alcohol during lunch and at company events without being disciplined by TaskUs.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION: FLSA – MINIMUM WAGES

24. Plaintiffs incorporate by reference all the allegations made in the preceding paragraphs.

25. TaskUs has engaged in a pattern, policy, and practice of violating the FLSA, as detailed above, by not paying Team Leads like Moreno and Mosel minimum wage for all hours that they work.

26. The minimum wage provisions set forth in the FLSA, 29 U.S.C. § 201 *et. seq.*, and the supporting federal regulations, apply to TaskUs and protect Team Leads like Moreno and Mosel.

27. At all relevant times, Plaintiffs and the putative class members were employed by an entity engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

28. At all relevant times, Plaintiffs and the putative class members were employees of TaskUs within the meaning of 29 U.S.C. § 203(e).

29. At all relevant times, TaskUs has been an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

30. At all relevant times, TaskUs employed Plaintiffs and the putative class members within the meaning of 29 U.S.C. § 203(g).

31. TaskUs has engaged in a policy and/or practice of failing to pay Plaintiffs and the putative class members the applicable minimum wage for all hours TaskUs suffered or permitted them to work.

32. As a result of the minimum wage violations, Plaintiffs and the putative class members have suffered damages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

33. TaskUs's unlawful conduct has been willful and intentional. TaskUs was aware or should have been aware that the practices described herein are unlawful. TaskUs has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the putative class members.

34. Because TaskUs's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

35. Members of the putative class are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consent to Join this action. 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: FLSA – OVERTIME WAGES

36. Plaintiffs incorporate by reference all the allegations made in the preceding paragraphs.

37. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations, apply to TaskUs and protect Plaintiffs and the putative class members.

38. TaskUs did not pay Plaintiffs and the putative class members time-and-one-half of their regular rate for all hours they worked over forty in a workweek. As a result of TaskUs's unlawful acts, Plaintiffs and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

39. TaskUs's unlawful conduct has been willful and intentional. TaskUs was aware or should have been aware that the practices described herein are unlawful. TaskUs has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the putative class members.

40. Because TaskUs's violation of the FLSA has been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### THIRD CAUSE OF ACTION: FLSA – RETALIATION

41. Plaintiffs incorporate by reference all the allegations made in the proceeding paragraphs.

42. Under 29 U.S.C. § 215(a)(3), it is an unlawful employment practice for an employer to discriminate against any of its employees because that employee engaged in protected conduct.

43. TaskUs retaliated and/or discriminated against Mosel for a filing a complaint under the FLSA.

44. Within days of Mosel notifying TaskUs that it was violating his FLSA rights, TaskUs terminated his employment for pretexual reasons. TaskUs would not have terminated Mosel "but for" his protected activity in filing a complaint alleging violations of the FLSA.

### VI. COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

45. Pursuant to Section 16(b) of the FLSA, Plaintiffs bring this Complaint as a collective action, on behalf of themselves and all persons similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by Plaintiffs' counsel, such persons making claims under the FLSA for the three years preceding the filing of this Complaint or the filing with the Court of each such person's written consent to joinder until entry of judgment after trial.

46. TaskUs has a common policy or scheme of not paying Team Leads minimum wage for all hours they worked, and for not paying them overtime for all hours they work over forty in a workweek. Moreover, TaskUs has a common policy or scheme of requiring Team Leads to clock out one hour each day for meal breaks, regardless of whether that employee works through their alleged break. Additionally, TaskUs has a common policy or scheme of

deducting hours worked from Team Lead's timecards as a means of not paying overtime. As a result of these common policies or schemes, TaskUs wrongfully denied Team Leads minimum wages and overtime for all hours worked in excess of forty in a workweek. Therefore, the Court should certify a collective action of all current and former Team Leads employed by TaskUs at any time during the three years preceding the filing of this Complaint.

47.     Plaintiffs are informed and believe, and based thereon, allege that there are other class members who could "opt-in" to this class, the actual number of FLSA class members is readily ascertainable by a review of TaskUs's records through appropriate discovery, and Plaintiffs propose to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## VII.    JURY DEMAND

48.     Plaintiffs demand a trial by jury.

## VIII.   PRAYER

49.     Plaintiffs pray for judgment against Defendant as follows:

(a) actual damages for unpaid overtime wages under the Fair Labor Standards Act;

(b) actual damages for unpaid minimum wages under the Fair Labor Standards Act;

(c) liquidated damages as provided by the Fair Labor Standards Act;

(d) reasonable attorney's fees under the Fair Labor Standards Act;

(e) pre-judgment and post-judgment interest as provided by law;

(f) all costs of court;

(g) certification of this matter as a collective action; and

(h) any other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Lawrence Morales II
LAWRENCE MORALES II
State Bar No. 24051077
ALLISON S. HARTRY
State Bar No. 24083149
**THE MORALES FIRM, P.C.**
6243 IH-10 West, Suite 132
San Antonio, Texas 78201
Telephone No. (210) 225-0811
Facsimile No. (210) 225-0821
lawrence@themoralesfirm.com
ahartry@themoralesfirm.com

***ATTORNEYS FOR PLAINTIFF***